Sarah Schlehr (SBN 229523)
sarah@pregnancylawyer.com
THE SCHLEHR LAW FIRM, P.C.
150 East Olive Avenue, Suite 214
Burbank, California 91502
Telephone: (310) 492-5757
Facsimile: (310) 601-7959

Morris Nazarian (SBN 230275)
monazarian@yahoo.com
LAW OFFICES OF MORRIS NAZARIAN
1925 Century Park East, Suite 2120
Los Angeles, California 90067
Telephone: (310) 284-7333
Facsimile: (310) 284-7332

Attorneys for Plaintiff
KATHARINE GRAVES

**UNITED STATES DISRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION**

| | |
|---|---|
| KATHARINE GRAVES, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation, BANK OF AMERICA NATIONAL ASSOCIATION, a Corporation, and DOES 1 THROUGH 20, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR:**<br><br>**1. Sex and Pregnancy Discrimination in Violation of Cal. Gov't Code §§ 12900 et seq.**<br>**2. Interference with Rights Under the California Family Rights Act, Cal. Gov't Code §§ 12945.2 et seq.**<br>**3. Retaliation for Taking Leave Under the California Family Rights Act, Cal. Gov't Code §§ 12945.2 et seq.**<br>**4. Interference with Rights Under the Pregnancy Disability Leave Law, Cal. Gov't Code §§ 12945 et seq.**<br>**5. Retaliation for Taking Pregnancy Disability Leave, Cal. Gov't Code §§ 12945 et seq.**<br>**6. Interference With Rights Under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.** |

**7. Retaliation For Taking Family And Medical Leave, 29 U.S.C. § 2601 et seq.**
**8. Disability Discrimination in Violation of the California Fair Employment and Housing Act, Cal. Gov.t Code § 12940, et seq.**
**9. Failure To Provide Reasonable Accommodation In Violation Of Cal. Gov't Code § § 12940 & 12945, et seq.**
**10. Failure To Engage In the Interactive Process, Cal. Gov. Code §§ 12940 & 12945, et seq.**
**11. Retaliation In Violation Of The FEHA**
**12. Failure to Prevent Harassment or Discrimination in Violation of the California Fair Employment And Housing Act**
**13. Wrongful Termination In Violation Of Public Policy**
**14. Promissory Estoppel**

**DEMAND FOR JURY TRIAL**

Plaintiff KATHARINE GRAVES ("Plaintiff") hereby brings her complaint for causes of action against each of the above named Defendants and states and alleges as follows:

## JURISDICTION

1. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred in this district.

## PARTIES

3. Plaintiff KATHARINE GRAVES ("GRAVES" or "PLAINTIFF") is an adult female and a resident of the State of California. During the events complained of herein, Plaintiff was employed by Defendants.

4. Defendant BANK OF AMERICA CORPORATION is a Delaware Corporation located in and conducting business in the State of California.

5. Defendant BANK OF AMERICA NATIONAL ASSOCIATION is a US Corporation located in and conducting business in the State of California.

6. The true names and capacities of Defendants DOES 1 through 20 are unknown to Plaintiff, who, therefore, sues these DOES by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

7. At all times described in this Complaint, and in all the matters alleged, Defendants Bank of America Corporation, Bank of America National Association, and Does 1-20 (Collectively "Bank of America" or "Defendants"), and each of them, were the agents or employees of each of the remaining Defendants, and were at all times acting within the scope of that agency and employment, and each Defendant has ratified the acts of his/her/its co-Defendants.

8. At all relevant times, Plaintiff was an "employee" as defined by 29 U.S.C. § 203 (e) and California Gov't Code §12926 (c).

9. At all relevant times, Defendants were "employers" as defined by 29 U.S.C. § 203(d) and California Government Code § 12926(d).

10. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, Defendants employed more than fifty employees, subjecting Defendants to the

provisions of the California Family Rights Act ("CFRA") under California Government Code Section 12945.2 and the federal Family and Medical Leave Act ("FMLA") under 29 U.S.C. §§ 2601 et seq.

11.     Plaintiff timely exhausted her administrative remedies before filing this Complaint by filing a complaint with the Department of Fair Employment and Housing and receiving a right to sue on April 23, 2013.

## STATEMENT OF FACTS

12.     Bank of America hired Plaintiff in March of 2008 as a Personal Banker. They paid her approximately $32,000 per year.  In 2009, Bank of America promoted Plaintiff to a Bank Manager position and increased her salary.

13.     In February 2010, Plaintiff delivered her first child. Plaintiff worked the full term of her pregnancy.  Plaintiff then took a 12 week leave of absence for the birth of and to bond with her child.  This leave should have been designated as Pregnancy Disability Leave, CFRA leave, and/or FMLA leave.  However, upon returning from her legally protected absence in or about May 2010, Defendants demoted Plaintiff and reduced her salary.

14.     Plaintiff complained about her demotion to Defendants' managing agents. However, Defendants failed to investigate or remedy the situation.

15.     In or about July 2011, Plaintiff learned that she was pregnant with her second child.  Soon thereafter, Plaintiff started having complications with her pregnancy and her doctors advised bed rest.  Defendants approved Plaintiff's leave of absence.

16.     On or about February 16, 2012, Defendants sent Plaintiff a letter stating that she was on a protected leave of absence pursuant to the California Family Rights Act through May 2, 2012.

17. Plaintiff attempted to return to work prior to May 2, 2012. However, when she attempted to return to work, Bank of America refused to reinstate Plaintiff to her same or an equivalent position. Instead, Bank of America told Plaintiff that her prior position was unavailable and that she had 30 days to find a different position or her employment would be terminated.

18. Plaintiff complained about Defendants failure to reinstate her to an equivalent position and made numerous attempts to find a different position at Bank of America. However, her ongoing attempts to find another position were unsuccessful.

19. Defendants terminated Plaintiff's employment in June 2012.

**FIRST CAUSE OF ACTION**

**SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12900 ET SEQ.**

**[Against ALL DEFENDANTS]**

20. Plaintiff realleges the information set forth in Paragraphs 1-19 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

21. At all times mentioned, California Government Code §§ 12900 et seq. (the California Fair Employment and Housing Act) was in full force and effect and binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee on the basis of sex or pregnancy, including without limitation: demoting an employee, reducing an employee's hours without consent of the employee, reducing the salary of the employee without consent of the employee, or discharging any employee from employment

22. The acts of Defendants in reducing Plaintiffs salary, demoting Plaintiff, and terminating Plaintiff's employment, as described more fully above, constitute discrimination

against Plaintiff on the basis of her sex and pregnancy in violation of California Government Code §§ 12900 et seq.

23.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

24.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

26.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**SECOND CAUSE OF ACTION**

**INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT**

**(CAL. GOV'T CODE § 12945.2)**

**[Against ALL DEFENDANTS]**

27. Plaintiff realleges the information set forth in Paragraphs 1-26 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

28. California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

29. In February 2010, Plaintiff delivered her first child. Plaintiff worked the full term of her pregnancy. Plaintiff then took a leave of absence for the birth of and to bond with her child. This leave should have been designated as Pregnancy Disability Leave, CFRA leave, and/or FMLA leave. However, upon returning from her legally protected absence in or about May 2010, Defendants demoted Plaintiff and reduced her salary.

30. Plaintiff complained about her demotion to Defendants' managing agents. However, Defendants failed to investigate or remedy the situation.

31. In or about July 2011, Plaintiff learned that she was pregnant with her second child. Soon thereafter, Plaintiff started having complications with her pregnancy and her doctors advised bed rest. Defendants approved Plaintiff's leave of absence.

32. On or about February 16, 2012, Defendants sent Plaintiff a letter stating that she was on a protected leave of absence pursuant to the California Family Rights Act through May 2, 2012.

33.     Plaintiff attempted to return to work prior to May 2, 2012. However, when she attempted to return to work, Bank of America refused to reinstate Plaintiff to her same or an equivalent position.   Instead, Bank of America told Plaintiff that her prior position was unavailable and that she had 30 days to find a different position or her employment would be terminated.

34.     Plaintiff complained about Defendants failure to reinstate her to an equivalent position and made numerous attempts to find a different position at Bank of America. However, her ongoing attempts to find another position were unsuccessful.

35.     Defendants terminated Plaintiff's employment in June 2012.

36.     Defendants' actions constitute interference with the rights provided by Government Code § 12945.2.

37.     Defendants' actions evidence an ongoing and continuing pattern of interfering with Plaintiff's leave rights as began with her first pregnancy in 2010.

38.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.   Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

39.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.   Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

41. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**THIRD CAUSE OF ACTION**

**RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT**

**(CAL GOV'T CODE § 12945.2)**

**[Against ALL DEFENDANTS]**

42. Plaintiff realleges the information set forth in Paragraphs 1-41 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

43. California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

44. Plaintiff took a protected leaves under CFRA in 2011 and 2012 to bond with her newborn and/or to care for her own serious health condition. Rather than reinstate her to her

same or a comparable position, Defendants demoted Plaintiff after her 2011 CRFA leave of absence and terminated her employment following her 2012 CFRA leave of absence.

45.    Defendants' actions constitute retaliation against Plaintiff for requesting and taking a protected leave under Cal. Gov't. Code § 12945.2.

46.    Defendants' actions evidence an ongoing and continuing pattern of retaliating against Plaintiff's for requesting and taking a protected leave under Cal. Gov't. Code § 12945.2.

47.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

48.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

49.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

50.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**FOURTH CAUSE OF ACTION**

**INTERFERENCE WITH RIGHTS UNDER THE PREGNANCY DISABILITY LEAVE LAW (CAL. GOV'T CODE § 12945)**

**[Against ALL DEFENDANTS]**

51. Plaintiff realleges the information set forth in Paragraphs 1-50 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

52. California Government Code § 12945 enables a woman disabled by pregnancy, childbirth or other related medical conditions to take a leave of absence from work for a reasonable period of time not to exceed four months and be reinstated to her same position. If a woman is disabled for a period exceeding four months, Cal. Gov't Code 12945 requires employers to reasonable accommodate the disability.

53. Plaintiff requested a protected leave under Cal. Gov't Code § 12945 in 2010, and again in 2011.

54. After taking protected leave in 2010, Defendants demoted Plaintiff.

55. In 2011, Plaintiff remained disabled for a period exceeding four months. Defendants failed to reasonably accommodate Plaintiff's disability when they terminated her employment instead of extending her leave of absence or providing other reasonable accommodation.

56. Defendants' actions constitute violations of Cal. Gov't Code § 12945.

57.     Defendants' actions evidence an ongoing and continuing pattern of interfering with Plaintiff's leave rights under Cal. Gov't. Code § 12945.

58.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

59.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

60.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b). The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**FIFTH CAUSE OF ACTION**

**RETALIATION FOR TAKING PREGNANCY DISABILITY LEAVE**

**(CAL. GOV'T CODE § 12945)**

**[Against ALL DEFENDANTS]**

61. Plaintiff realleges the information set forth in Paragraphs 1-60 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein

62. California Government Code § 12945 enables a woman disabled by pregnancy, childbirth or other related medical conditions to take a leave of absence from work for a reasonable period of time not to exceed four months and be reinstated to her same position. If a woman is disabled for a period exceeding four months. Cal. Gov't Code 12945 requires employers to reasonable accommodate the disability.

63. Plaintiff requested a protected leave under Cal. Gov't Code § 12945 in 2010, and again in 2011.

64. After taking protected leave in 2010, Defendants demoted Plaintiff.

65. In 2011, Plaintiff remained disabled for a period exceeding four months. Defendants failed to reasonably accommodate Plaintiff's disability when they terminated her employment instead of extending her leave of absence or providing other reasonable accommodation.

66. Defendants' actions constitute retaliation against Plaintiff for requesting and/or taking a leave of absence under Government Code § 12945.

67. Defendants' actions evidence an ongoing and continuing pattern of retaliating against Plaintiff for exercising her leave rights under Cal. Gov't. Code § 12945.

68. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

69. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

70. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

71. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**SIXTH CAUSE OF ACTION**

**INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 ET SEQ.**

**[Against ALL DEFENDANTS]**

72. Plaintiff realleges the information set forth in Paragraphs 1-71 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

73. At all times relevant herein, Defendants were "employers" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed more than 50 persons within 75 miles of the worksite where Plaintiff was employed.

74. Prior to May 2010, Plaintiff gave Defendants reasonable notice that she intended to take leave for her own serious medical condition and to care for and bond with her newborn child after its birth. At the time Plaintiff requested this leave, Plaintiff had more than 12 months of service with Defendants and over 1250 hours of service with Defendants during the previous 12-month period. Plaintiff was an "eligible employee" as defined by the FMLA under 29 U.S.C. § 2611(2) and was entitled to up to 12 weeks of leave to care for herself and/or her child.

75. Although Defendants initially agreed to allow Plaintiff to take the leave to which she was entitled, Defendants interfered with Plaintiff's leave by demoting her upon her return to work. Defendants' failure to reinstate Plaintiff to her same or an equivalent position was wilful and a violation of the FMLA.

76. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages, as well as prejudgment interest, pursuant to 29 U.S.C. § 2617(a).

77. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 2617(a).

78. The aforementioned conduct of Defendants was carried out in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a).

**SEVENTH CAUSE OF ACTION**

**RETALIATION FOR TAKING LEAVE UNDER THE FAMILY AND MEDICAL LEAVE ACT**

**[Against ALL DEFENDANTS]**

79. Plaintiff realleges the information set forth in Paragraphs 1-78 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

80. Plaintiff took a protected leave under FMLA in or about February 2010 to care for her own serious health condition and care for her newborn child. When Plaintiff attempted to return to work in May 2010, Defendants failed to reinstate her to her same or an equivalent position. Instead, Defendants demoted Plaintiff and terminated her employment.

81. Defendants' actions constitute retaliation against Plaintiff for requesting and taking a protected leave under the FMLA.

82. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 2617(a).

83. The aforementioned conduct of Defendants was carried out in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a).

**EIGHTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE SECTION 12940**

**[Against ALL DEFENDANTS]**

84. Plaintiff realleges the information set forth in Paragraphs 1-83 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

85. The FEHA prohibits discrimination on the basis of disability.

86. In or about July 2011, Plaintiff learned she was pregnant with her second child. Plaintiff had complications related to this pregnancy wherein her doctors placed her on bedrest. Plaintiff informed Defendants that she had a physical condition that limited her ability to work. Plaintiff required a leave of absence and reasonable accommodations for her disability.

87. Defendants adversely affected Plaintiff's employment by demoting her, reducing her salary, and then terminating Plaintiff's employment. Defendants' adverse actions were motivated by Plaintiff's disability, Defendants' perception of her disability, and/or Plaintiff's need for reasonable accommodations.

88. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

89. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

90. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

91. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

NINTH CAUSE OF ACTION

FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF CAL. GOV'T CODE § 12940 & 12945 ET SEQ

[Against ALL DEFENDANTS]

92. Plaintiff realleges the information set forth in Paragraphs 1-91 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

93. Defendants, and each of them, failed to provide reasonable accommodation of Plaintiff's known disabilities in violation of Cal. Gov't Code 12940 and 12945 et seq.

94. Plaintiff suffered from disabilities relating to pregnancy and childbirth beginning in or around February 2012. Plaintiff required reasonable accommodations, including an extended leave of absence, for her disabilities.

95. Rather than reasonably accommodate Plaintiff, Defendants terminated her employment when Plaintiff was ready to return to work.

96. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

97. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

98. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

99. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**TENTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF CAL. GOV. CODE § 12940 & 12945, ET SEQ**

**[Against ALL DEFENDANTS]**

100. Plaintiff realleges the information set forth in Paragraphs 1-99 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

101. Defendants failed to engage in good faith interactive process to provide reasonable accommodation for Plaintiff's disabilities in violation of Cal. Gov't Code 12940 et seq.

102. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage

to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

103. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

104. As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

105. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**ELEVENTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

**[Against ALL DEFENDANTS]**

106. Plaintiff realleges the information set forth in Paragraphs 1-104 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

107.    Defendants adversely affected Plaintiff's employment by demoting her, reducing her salary, and terminating her employment after Plaintiff requested protected leaves of absence, reasonable accommodations, and after Plaintiff complained about Defendants' discrimination, failure to accommodate her disability, and failure to reinstate her as required by law.

108.    Defendants' conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff's protected activity in violation of California Government Code §§ 12940(h), 12945, and 12945.2.

109.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

110.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

111.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

112. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT OR DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**[Against ALL DEFENDANTS]**

113. Plaintiff realleges the information set forth in Paragraphs 1-112 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

114. Section 12940 of the California Government Code provides that it is an unlawful employment practice for "an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." This duty to prevent harassment and discrimination is "affirmative and mandatory".

115. Plaintiff claims that Defendants failed to prevent discrimination based upon Plaintiffs disability and because she requested leave on the basis of her disability.

116. As alleged in detail herein, Plaintiff was subjected to discrimination because of her disability.

117. Defendants failed to take reasonable steps to prevent the discrimination that occurred. Defendants' failure to take reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff harm.

118.   The above-described conduct was engaged in by various supervisors and Defendants' other supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

119.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

120.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

121.   As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

122.   The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and their agents/employees or supervisors, authorized, condoned

and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

**THIRTEENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**[Against ALL DEFENDANTS]**

123. Plaintiff realleges the information set forth in Paragraphs 1-122 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

124. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, is to prohibit employers from discriminating and retaliating against any individual on the basis of sex. California also maintains fundamental public policies permitting all employees to take leave for their own serious health condition and/or to bond with their infant children. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants in terminating Plaintiff's employment on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

125. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

126. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

127. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## FOURTEENTH CAUSE OF ACTION

## PROMISORRY ESTOPPEL

## [Against ALL DEFENDANTS]

128. Plaintiff realleges the information set forth in Paragraphs 1-127 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

129. Defendants by and through their officers, directors, and managing agents made numerous clear and certain promises to Plaintiff including, but not limited to, representing that Plaintiff could take a protected CFRA leave of absence through May 2, 2012.

130. Plaintiff reasonably relied on Defendants promises and representations, and Plaintiff took a leave of absence.

131. Defendants failed to perform according to their representations and terminated Plaintiff's employment when she attempted to return from her leave of absence.

132. As a proximate result of the failure of Defendants, and each of them, to perform according to the promises and representations which they made to Plaintiff, all to Plaintiff's detrimental reliance on those promises, Plaintiff has suffered a loss of employment, and compensation all to her damage in an amount according to proof at the time of trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For liquidated damages, according to proof
5. For punitive and exemplary damages, according to proof;
6. For prejudgment interest, according to proof;
7. For injunctive relief, including returning Plaintiff to his original position;
8. For attorneys' fees, according to proof;
9. For costs of suit incurred herein; and
10. For such other relief and the Court may deem just and proper.

DATED: May 1, 2013

LAW OFFICES OF MORRIS NAZARIAN
THE SCHLEHR LAW FIRM, P.C.

By: [signature]
MORRIS NAZARIAN
SARAH B. SCHLEHR
Attorneys for Plaintiff
KATHARINE GRAVES

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

LAW OFFICES OF MORRIS NAZARIAN
THE SCHLEHR LAW FIRM, P.C.

By: ______________________
MORRIS NAZARIAN
SARAH B. SCHLEHR
Attorneys for Plaintiff
KATHARINE GRAVES